UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELIZABETH CASIANO,**

    **Plaintiff,**

v.                                      Case No. 8:10-cv-196-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income payments. The Plaintiff urges that her case be reversed and remanded for further consideration or alternatively an award of benefits because the ALJ erred in failing to give proper weight to the opinions of her treating physicians and failed to credit her subjective complaints of pain. For the reasons set out herein, the decision is affirmed.

A.

Plaintiff was twenty-nine years old at the time of her administrative hearing in December 2008. She has a high school education, and her past relevant work was as a cashier and self-employed preparer of Spanish food in her home. Plaintiff applied for Supplemental Security Income (SSI) payments in February 2006, alleging disability as of December 18,

1998, by reason of back problems and arthritis, anxiety, and depression. The Plaintiff's application was denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on December 16, 2008. After being advised of her right to counsel and that the ALJ would postpone the hearing in order for Plaintiff to obtain a representative, Plaintiff chose to proceed unrepresented. Plaintiff testified that she is unable to work because of extreme pain over her entire back.[1] She claims a diagnosis for lupus two years prior. She takes Percocet to try to control the pain, but it causes her to be sleepy, itchy, and irritable.

She lives with her children, a stepson who is 15, a daughter who is 13, and a 3-year old baby boy. Her daughter helps her with the laundry and cooking. At least three days a week she spends the day in bed or going right from her bed to the sofa. She tried hot baths, creams, and heating blankets, but nothing relieves her back pain which afflicts her entire back and sometimes into her legs. She describes her pain as sharp, burning, and aching. She can barely go down steps because her knees hurt. When the weather is bad, her entire body hurts. On the days she is not confined to her bed, she gets up and tries to do light cleaning or get in the shower. Her daughter prepares most meals, but when she is at school, the Plaintiff will microwave a meal for the baby.

Plaintiff only leaves the house occasionally for doctor's appointments or to the grocery. She is able to drive herself to the doctor, but it is usually difficult because her

---

[1] She has a prior history of being on disability due to significant renal problems, but according to Plaintiff her kidneys have stabilized. (R. 389).

medications making her groggy. She watches television, but cannot read because the bending down hurts her neck. She uses a computer only to check her email.

She last worked in October or November 2007 preparing Spanish food in her home. She would market her business through friends and relatives. The older two children helped her prepare the food. She would tell them what to do and they did most of the preparation.

Plaintiff testified that she gets depressed a lot, but she has not sought out mental health care for fear of being put on more medications. She has problems with her memory such that she has had difficulty finding her way back home after appointments.

Plaintiff can only walk to her car or down stairs before needing a rest. She estimates she can sit comfortably fifteen to twenty minutes before needing to lay down or stand up and stretch, and that she cannot even lift a gallon of milk. Plaintiff testified that she has asked for help losing weight because she thinks it makes her back problems worse each year. Plaintiff is 4-foot, 11-inches, and weighs 195 pounds. The ALJ agreed to keep the record open for a few weeks to ensure all of Plaintiff's medical records were received. (R. 386-403).

The ALJ next took testimony from Richard Hall, a vocational expert (VE). In pertinent part, the VE testified on a hypothetical question which assumed a person of Plaintiff's age, education, and work history capable of a limited range of light work, who can only occasionally stoop and crouch and who is limited to one-to-two step routine tasks with only occasional changes in work setting and interaction with the public. The VE opined that such individual would be unable to perform Plaintiff's past work, but there would be other jobs available in the national and local economy, including mail clerk, order caller, and

marker. On an assumption for sedentary work with additional postural and environmental limitations, the VE opined that work such as document preparer, copy examiner, and addresser would also be available.

When Plaintiff testified that if she uses her hands too much, they swell up and become stiff, the ALJ inquired of the VE as to the effect fingering limitations have on the jobs the VE opined would be available. The VE testified that even with a limitation of no constant fingering, the positions of order caller and mail clerk would still be available to the Plaintiff. With the limitation for occasional fingering, the mail clerk position would no longer be available, but the marker and order caller positions would be. (R. 404-10).

On May 20, 2009, the ALJ determined that while Plaintiff has severe impairments related to history of necrotizing glomerulonephritis with stable Grade II chronic kidney disease, degenerative disc disease of the thoracic spine, vasculitis, patellofemoral syndrome, fibromyalgia, iron deficiency anemia, obesity, major depressive disorder, and pain disorder, she nonetheless had the residual functional capacity to perform light exertional work, limited to one-to-two-step tasks in jobs that entail only occasional changes in the work setting and occasional interaction with the general public. Upon this finding and the testimony of the VE, the ALJ concluded that while Plaintiff could not perform her past work, she could perform jobs available to her in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 14-24). The Appeals Council considered Plaintiff's reasons for disagreeing with the decision and denied Plaintiff's request for review.

B.

Consideration of the Plaintiff's claim is governed by certain principles. In order to be entitled to SSI payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

Plaintiff initially complains that the ALJ erred in failing to give proper weight to the evidence of her treating and examining physicians. More particularly, she complains that the ALJ ignored a statement by consultative examiner, Dr. Akagbosu, that she could not perform sedentary work because she could not sit for long periods of time. Moreover, the ALJ failed to address the whole of the records from her pain management doctor instead citing to a single record and otherwise citing isolated negative findings while ignoring other evidence of unrelenting and severe pain. In short, she urges that the decision is not supported by substantial evidence because it fails to adequately reflect the evidence.[2]

---

[2] In legal support, Plaintiff cites the regulations at 20 C.F.R. § 404.1527(d)(2)-(6) which address factors appropriately considered by the ALJ in assessing opinion evidence.

On her second claim, she argues that the ALJ had no basis for discounting her subjective complaints in light of the consistent and substantial medical evidence of pain and fatigue.

In response, the Commissioner urges that the ALJ properly evaluated the opinions from Plaintiff's medical sources. Regarding Dr. Akogbasu's opinion on Plaintiff's capacity for sitting, the Commissioner initially notes that this doctor was not a treating doctor, having seen Plaintiff on only one occasion, and thus his opinion was not entitled to controlling weight. While the ALJ did not expressly state his reasons for discounting the opinion, it may be inferred from the decision as a whole that the opinion was discounted because unsupported by and inconsistent with the bulk of the evidence including portions of the doctor's own report as well as the objective evidence of record.

On the second claim, the Commissioner urges that the ALJ complied with the applicable standard and discounted the subjective complaints because they were inconsistent with complaints revealed in her medical evidence and the medical findings. As the findings by the ALJ are supported by substantial evidence, Plaintiff is not entitled to relief on this claim.

Plaintiff broadly complains on her first claim that the ALJ truncated the medical evidence and strung together isolated negative findings to arrive at a decision which is unsupported by the medical evidence as a whole. More specifically, Plaintiff finds fault with the ALJ's assessment of the medical record in two instances. First, while noting the negative findings by Dr. Akagbosu, M.D., the ALJ failed to acknowledge a statement in this consultative examiner's report that because "she is unable to sit for prolonged times so a

7

sedentary type of work would not work for her." *See* (R. 176). Second, the ALJ cited favorably to a statement from Dr. Carlos Jassir, a pain management doctor, that Plaintiff's functional impairment was mild and did not interfere with her daily activities (R. 341) when such reflected the findings on only one day and ignored other later evidence of unrelenting severe pain. After review of the whole of the medical record, I conclude that Plaintiff does not demonstrate error requiring a remand much less an award of benefits on this first claim. I find no error at all in the handing of the records from Dr. Jassir and while Plaintiff is correct that the ALJ did not mention the statement from Dr. Akagbosu concerning sedentary work, he otherwise fairly reviewed his clinical findings and the decision adequately reveals a fair assessment of the whole of the record and the ALJ's reasoning in support of his RFC assessment for light exertional work. My own consideration of the whole of the medical evidence indicates it provides more than adequate substantial evidence for the ALJ's conclusions and any error in not specifically addressing Dr. Akagbosu's opinion on sitting is simply harmless.

      Concerning the evidence from Dr. Jassir, there is no indication in either of his two detailed reports to suggest constant and debilitating pain as Plaintiff claims.[3] In September 2006, he rated Plaintiff's thoracic pain as "moderate" noting, "[f]unctional impairment is moderate - when present it interferes only with some daily activities." (R. 232). In the follow-up report from November 2006, he noted, just as the ALJ stated, that the pain was "mild" and "[f]unctional impairment is mild - the patient is aware of it when present but it

---

[3]Plaintiff's suggestion that this doctor's records were incomplete or encompassed only a single visit appears contrary to the record.

doesn't interfere with daily activities." (R. 341). I find nothing improper about the ALJ's reference to these records at all. This is especially so when the whole of the detailed clinical observations of Dr. Jassir are considered. These more specific findings appear to fully support his general characterization of her thoracic pain levels. Furthermore, Plaintiff's assertion that subsequent records (from Dr. Edgar Martorell) revealed increasing unrelenting pain is not borne out from a review of those records. On the contrary, while he diagnosed Plaintiff as suffering from fibromyalgia syndrome, his physical findings also were largely normal. (R. 347-54). And, in any event, those findings too were fairly considered by the ALJ and do not demonstrate error in the consideration of Dr. Jassir's comments.

As for Dr. Akagbosu's report, while all would have been better served had the ALJ expressly addressed the statement about sedentary work, it is apparent to me from the RFC finding that the ALJ gave the statement no weight upon her review of the whole of the medical evidence. And, Plaintiff's broader claim that the ALJ merely picked those portions of the medical record which support her decision is not demonstrated, and by my review of her review of the medical evidence simply incorrect. As the Commissioner urges, the clinical findings by Drs. Akagbosu, Jassir, Martorell, and Rehman, fairly recounted by the ALJ, do not reveal conditions or limitations which dictated a finding of disability. Neither did the objective evidence which revealed minimal evidence of spinal impairment. Thus, while Plaintiff broadly protests inadequate consideration of the medical evidence, she makes no demonstration that such occurred or that a remand for further consideration is merited.

In her second claim, Plaintiff argues that the consistent and substantial evidence of her lifelong illness, whether lupus, vasculitis, or fibromyalgia, fully supports her claims of

fatigue and pain. While not addressing the particular reasons offered by the ALJ for discounting her subjective complaints, she urges the record did not permit a finding that she was less than fully credible.

Here, the decision reflects the ALJ's recognition of the applicable standard and the conclusion that Plaintiff suffered medical conditions which reasonably could give rise to her subjective complaints.[4] In rejecting the claims for disabling symptoms, it is apparent that the ALJ drew chiefly upon the medical evidence which, upon her review, did not support the severity alleged. Thus, by her review of Dr. Rehman's reports, Plaintiff's kidney disease was clinically stable with stable, albeit reduced, renal function and would not prohibit her from performing light exertional work with limitations. Records related to her anemia indicated such condition improved with treatment. Testing for lupus, which Plaintiff claimed to have, had been negative and her rheumatologist, Dr. Martorell, diagnonosed fibromyalgia, but without evidence of active synovitis and little evidence of diffuse tenderness mainly in the

---

[4]In this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale*, 831 F.2d at 1012. Proper application of the regulatory standard will satisfy this circuit's pain standard. *See Wilson*, 284 F.3d at 1226.

thoracic spine. His clinical findings on examination had been largely normal and he recommended medication and physical therapy. By the ALJ's review of the objective evidence, MRIs revealed no abnormalities in the cervical and lumbar spine and only tiny, mild disc bulges without cord compression in the thoracic spine. As discussed above, the last evidence from her pain management doctor indicated that her thoracic pain, by Plaintiff's own account, was mild and did not interfere with her daily activities. From all of this, the ALJ concluded that the limitations imposed by her RFC "more than accommodate the claimant's level of pain that is characterized as no greater than mild to moderate." (R. 21). Plaintiff simply does not demonstrate the error of this conclusion or that the reasons stated to discount the pain complaints are unsupported by the evidence or inadequate to satisfy the pain standard. As noted above, under the applicable standard, the ALJ may discount a claimant's subjective complaints on explicit and adequate grounds. Here, she has done so.

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 24th day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record